UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————————

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| -vs- | AMENDED REPORT AND RECOMMENDATION |
| CARLOS JAVIER FIGUEROA, | 18-CR-6094-FPG-MJP-1 |
| Defendant. | |

———————————————————————

**APPEARANCES**

For the United States:        Katelyn M. Hartford, A.U.S.A.
                              Cassie Kocher, A.U.S.A.
                              U.S. Attorney's Office
                              100 State Street
                              Rochester, New York 14614

For the Defendant:            Paul J. Vacca, Jr., Esq.
                              One East Main Street
                              Suite 1000
                              Rochester, New York 14614-1879

**INTRODUCTION**

**Pedersen, M.J.**  In a third superseding indictment filed on September 27, 2019 ("Indictment") (ECF No. 240), the Grand Jury charged Carlos Javier Figueroa ("Defendant") with fourteen crimes including: (1) Narcotics Conspiracy (Count 1); (2) Possessing, Brandishing, and Discharging Firearms in Furtherance of a Drug Trafficking Crime (Count 2); Possession of Cocaine with Intent to Distribute (Counts 3 & 16); Maintaining a Drug-Involved Premises (Counts 4, 17, 19 & 21); Possession of Firearms in Furtherance of Drug Trafficking Crimes (Count 5); Murder with a Firearm in Furtherance of Drug Trafficking Crime (Count 9); Discharge of a Firearm

1

in Furtherance of Drug Trafficking Crime (Count 10); and Possession of Heroin With Intent to Distribute (Counts 15, 18 & 20). (ECF No. 240.) In the Indictment the Grand Jury also included an "Allegation of Prior Conviction for Serious Drug Felony" with respect to Defendant. (ECF No. 240, at 12.) Finally, the Indictment seeks forfeiture "of any firearms and ammunition involved or used in the commission of the offense, or found in the possession or under their immediate control at the time of arrest" should Defendant be convicted. (*Id.* at 13.)

The Honorable Frank P. Geraci, U.S. District Judge, initially referred the case to the Honorable Jonathan W. Feldman, U.S. Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(A) & (B). On November 7, 2019, the case was referred to the undersigned.

On December 5, 2019, Defendant's counsel filed an omnibus discovery motion. (ECF No. 275.) The government submitted a response to Defendant's omnibus motion on January 17, 2020. (ECF No. 296.) The undersigned heard oral argument on the omnibus motion and the government's response. The undersigned issued a decision on all the issues raised in Defendant's omnibus motion except for the following:

1. Suppression of Tangible Evidence;

2. Suppression of Statements; and

3. Suppression of Wiretap Conversations[1];

    a. Coded Conversations; and

---

[1] The Court also reserved on Defendant's "Challenge to Search Warrants (probable cause issue)," but during oral argument, the Court indicated that this argument was encompassed in the argument regarding suppression of the wiretap conversations and defense counsel did not argue otherwise.

2

      b. Voice Identification.

(Order, dated Feb. 25, 2020 ("Order"), ECF No. 330.) With respect to the wiretap motions, during oral argument the Court provided Defendant with an additional thirty days to submit further briefing to support suppression of this evidence. In addition, the Court gave Defendant a week from the date of oral argument to obtain an affidavit from an individual with personal knowledge in support of Defendant's motions to suppress tangible evidence and statements. No such affidavit has been filed. On March 9, 2020, Defendant's counsel filed a Supplemental Affidavit in Support of Omnibus Motion. (ECF No. 341.) Thereafter, on April 6, 2020, the government filed its Response to Defendant's Supplemental Affidavit. (ECF No. 361.)

    Confusingly, Defendant's counsel also includes arguments in his Supplemental Affidavit in Support of Omnibus Motion relating to Defendant's motions for minimization of the wiretapped conversations and a request for a *Wade* hearing relating to suppression of identification evidence. (ECF No. 341, at 1–3.) However, both of these motions were denied during oral argument, and memorialized in the Order. (ECF No. 330.)

    After hearing oral argument and reviewing the motion papers and supplemental motion papers filed by Defendant and the government, I recommend that Defendant's motions to suppress tangible evidence, statements, wiretap evidence, coded conversation evidence, and motion challenging the voice identification procedures (ECF No. 275) be denied.

## STANDARD OF LAW

The relevant portion of 28 U.S.C. § 636(b)(1)(A) and (B) provides that the undersigned may "conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion…to suppress evidence in a criminal case."

## DISCUSSION

For this Report and Recommendation, the Court has reviewed the following: Defendant's omnibus motion (ECF No. 275); the government's response in opposition (ECF No. 296); proffers made at oral argument, held before the undersigned on February 13, 2020, Defendant's Supplemental Affidavit in Support of Omnibus Motion, sworn to March 9, 2020 (ECF No. 341); and the government's response to Defendant's Supplemental Affidavit (ECF No. 361).

***Findings of Fact Regarding Defendant's Motion for Suppression of Tangible Evidence.***

In Defendant's initial motion for suppression of tangible evidence, Defendant sought suppression of

> any items obtained from the Search Warrant obtained from the person of the Defendant or premises related to this Indictment and serves as the basis for this Indictment were obtained in violation of her [*sic*] right to unlawful search and seizure under the Fourth Amendment of the United States Constitution, Federal Rules of Criminal procedure [*sic*], USCA and all appropriate provisions of Federal law.

(ECF No. 275-1 at 28.)  Defendant did not submit an affidavit from someone with personal knowledge in support of this initial motion.

The government opposed the motion on the grounds that Defendant failed to demonstrate that he had standing to challenge the constitutionality of any physical evidence seized because he did not provide an affidavit from an individual with personal knowledge showing a subjective expectation of privacy in any premises searched or a possessory interest in any property seized. (ECF No. 296, 25–26.)

At oral argument, the Court provided Defendant with an additional week to submit a supporting affidavit from someone with personal knowledge in support of his motions to suppress tangible evidence.

Although Defendant's counsel's supplemental affidavit makes reference to providing standing for a hearing regarding suppression of tangible evidence, the affidavit does not contain any section addressing this issue. (ECF No. 341.) In addition, no affidavit was submitted by Defendant in support of the motion.

The government summarily repeated its argument to Defendant's initial motion to suppress tangible evidence in its response to Defendant's counsel's supplemental affidavit. (ECF No. 361.)

*Legal Conclusions regarding Defendant's Motion for Suppression of Tangible Evidence.*

It is settled law that "[t]he party moving to suppress bears the burden of establishing that his own Fourth Amendment rights were violated by the challenged search or seizure." *United States v. Osorio*, 949 F.2d 38, 40 (2d Cir. 1991) (citing *Rakas v. Illinois*, 439 U.S. 128, 131 n. 1, (1978)). Moreover, "[t]he movant must show that he had an expectation of privacy in the invaded place and that the expectation was legitimate, one that society is prepared to recognize as reasonable." *Osorio*, 949 F.2d

5

at 40 (citation omitted); *Rakas*, 439 U.S. at 140–41; *United States v. Paulino,* 850 F.2d 93, 96 (2d Cir.1988) ("it is a person's legitimate expectation of privacy that is critical" for a defendant to establish his rights under the Fourth Amendment); *United States v. Rivera-Figueroa*, No. 17-CR-00183 (LJV) (JJM), 2018 WL 7291428, at *11 (W.D.N.Y. Aug. 21, 2018), *report and recommendation adopted,* 2019 WL 244490 (W.D.N.Y. Jan. 17, 2019) ("It is well settled that a defendant seeking to suppress evidence must demonstrate by a preponderance of the evidence that he had a reasonable expectation of privacy in the location or items searched.") (internal quotations and citations omitted). "In evaluating [standing] claims, the court generally considers whether the defendant had any property or possessory interest in the place searched or the items seized." *Osorio,* 949 F.2d at 40. (citation omitted).

Further, "[c]ourts in this Circuit have 'repeatedly' denied motions to suppress without a hearing where defendants have failed to provide affidavits alleging facts based on personal knowledge." *United States v. Robinson*, No. 16-CR-545-ADS-AYS-1, 2017 WL 5135598, at *10 (E.D.N.Y. Nov. 1, 2017) (citations omitted); *United States v. Montoya-Eschevarria*, 892 F. Supp. 104, 106 (S.D.N.Y. 1995) ("The law is clear that the burden on the defendant to establish standing is met only by sworn evidence, in the form of affidavit or testimony, from the defendant or someone with personal knowledge.")

Here, it is not even clear what tangible evidence Defendant seeks to suppress. Nevertheless, without an affidavit from someone with personal knowledge, standing to challenge the seizure of any tangible evidence has not been established. Moreover,

the absence of any such affidavit fails to create an issue of fact to entitled Defendant to a hearing on this issue. Accordingly, the undersigned recommends that Defendant's motion for suppression of tangible evidence be denied.

***Findings of Fact Regarding Defendant's Motion for Suppression of Statements and a Huntley Hearing.***

In the initial omnibus motion, Defendant claims the "government conceded that Defendant made statements" and that "he was not advised of his rights prior to the time he was questioned." (ECF No. 275-1 at 25.) Defendant did not provide an affidavit from an individual with personal knowledge in support of this motion.

In opposition, the government asserted that Defendant's motion to suppress statements must fail due to the lack of an affidavit from an individual with personal knowledge. (ECF N0. 296, at 18.) It reiterated this argument in its response to Defendant's supplemental papers. (ECF No. 361.)

At oral argument, the Court permitted Defendant one week to submit an affidavit from an individual with personal knowledge of the statements sought to be suppressed. Despite the chance for a second bite at the apple, no affidavit from Defendant has been submitted. Instead, in his supplemental papers, Defendant's counsel simply requested a *Huntley* hearing "regarding any statements allegedly made by [Defendant] to Confidential Informants or other indicted or unindicted co-conspirators acting under police authority to elicit incriminating statements from Defendant." (ECF No. 341, at 4.)

***Legal Conclusions regarding Defendant's Motion for Suppression of Statements and a Huntley Hearing.***

"It is settled law that a motion seeking a suppression hearing must be accompanied by an affidavit from someone having *personal* knowledge of the facts justifying the hearing." *United States v. Ruth*, No. 18-CR-0004(EAW)(JJM), 2018 WL 5258590, at *1 (W.D.N.Y. Oct. 1, 2018), *report and recommendation adopted*, 2018 WL 5258051 (W.D.N.Y. Oct. 22, 2018) *(*citing *United States v. Gillette*, 383 F.2d 843, 848–49 (2d Cir. 1967)). An affidavit from an attorney who does not have personal knowledge is not sufficient to raise a factual issue to warrant a hearing. See *Gillette*, 383 F.2d at 848–49 ("[t]he affidavit submitted for appellant is insufficient in that it does not . . . allege personal knowledge on the part of appellant's attorney; accordingly, there was no factual issue to be resolved and the denial of a hearing was correct"); *United States v. Perryman*, No. 12-CR-0123 (ADS), 2013 WL 4039374, *6 (E.D.N.Y. Aug. 7, 2013) ("Courts in this Circuit have 'repeatedly' denied motions to suppress without a hearing where defendants have failed to provide affidavits alleging facts based on personal knowledge.") (citations omitted); *United States v. Tata*, No. 11-CR-6083 CJS, 2011 WL 7004205, *2 (W.D.N.Y. Nov. 21, 2011, *report and recommendation adopted*, 2012 WL 92558 (W.D.N.Y. Jan. 11, 2012) ("An attorney's affidavit made without personal knowledge is insufficient to create an issue of fact requiring an evidentiary hearing").

An evidentiary hearing is required where a defendant demonstrates a "sufficiently definite, specific, detailed, and nonconjectural" issue of fact. *United States v. Pena,* 961 F.2d 333, 339 (2d Cir.1992); *United States v. Richardson,* No. 09-

CR-55A (Sr), 2010 WL 5553995, *1 (W.D.N.Y. Dec. 9, 2010) ("[i]n order to warrant a suppression hearing, the defendant must demonstrate a specific factual dispute that can be resolved by a hearing") (collecting cases), *report and recommendation adopted,* 2011 WL 53476 (W.D.N.Y. Jan. 7, 2011). In the absence of a demonstrated issue of fact, "there is no basis for holding an evidentiary hearing or suppressing the evidence." *United States v. Ahmad,* 992 F. Supp. 682, 685 (S.D.N.Y. 1998); see also *Richardson,* 2010 WL 5553995 at *1 (recommending that the district court deny motion to suppress statements where no issue of fact existed).

Defendant has failed to provide any sworn statement in support of his motion to suppress. Based upon well-settled case law, an attorney's affidavit is insufficient to establish standing or raise an issue of fact. Consequently, Defendant has also failed to raise an issue of fact sufficient to warrant a *Huntley* hearing. For these reasons, the undersigned recommends that Defendant's motion to suppress statements and request for a *Huntley* hearing be denied.

***Findings of Fact Regarding Defendant's Motion for Suppression of Wiretap Evidence, Including Coded Conversations and Voice Identification Procedures.***

Between December 20, 2017 and January 12, 2018, a Monroe County Court judge authorized the interception of wire communications over six telephone numbers. (Case No. 18-MJ-00527, Compl., ECF No. 1, at 4–5.) Defendant's initial motion sought suppression of wiretap evidence "obtained from the interception of wire communications over telephone instruments located at any residence and on defendants or any co-defendants cell phone and by wire tap [*sic*]." (ECF No. 271-1, at

9

17). Defendant contends that there was not probable cause to issues warrants from which alleged evidence was garnered about Defendant. (*Id.*) With respect to the coded conversation argument, Defendant contends that "no basis has been established under the law to culpably establish the code" of three conversations, spoken in Spanish, interpreted into English, and decoded, and that in this case, the decoding was prejudicial to Defendant. (ECF No. 275-1, at 18.) Defendant asserts that he is entitled to a hearing on this issue. (*Id.*) Defendant further contends that he is entitled to a voice identification hearing and challenges any identification procedures. (*Id.*, at 21.)

In response the government conceded that Defendant had standing to challenge the wiretap evidence on probable cause grounds as Defendant was specifically listed as a targeted interceptee in the wiretap applications. (ECF No. 296, at 26.) The government argued, however, that there was sufficient probable cause to support the wiretap applications and asserted that Defendant only provided conclusory statements in opposition. (ECF No. 296, at 28–29.) With respect to Defendant's motions to suppress evidence of alleged coded conversations and voice identification procedures, the government's position was that Defendant failed to cite to any case law in support of his position. (*Id.*, at 40.)

During oral argument Defendant asserted that he was asking for a hearing regarding law enforcement's purported misinterpretation of the coded evidence and voice identification procedures to determine whether the unspecified search warrant(s) was supported by probable cause. The Court clarified with Defendant that

Defendant was essentially challenging the validity of the search warrant applications and the affidavit(s) provided in support thereof. The Court indicated that there was no need to hold a hearing to decide the probable cause issue because the real issue is whether the magistrate who issued the warrant was provided with enough information to believe that probable cause existed. Finally, the Court indicated that Defendant failed to provide any factual or legal argument that would support a challenge to the wiretap evidence on the basis of lack of probable cause. The Court provided Defendant thirty days to submit additional briefing on this issue, including Defendant's challenges to the interpretation of coded conversations and voice identification procedures.

Defendant's supplemental papers, which are very sparse in details, provided no additional factual or legal basis in support of its lack of probable cause argument. Defendant merely repeats arguments made in his initial papers and during oral argument.

The government did not address these issues in its response to Defendant's supplemental submission. (ECF No. 361.)

***Legal Conclusions regarding Defendant's Motion for Suppression of Wiretap Evidence, Including Coded Conversations and Voice Identification.***

"The defendant bears a significant burden when seeking to suppress an authorized wiretap: once the authorizing judge has made the requisite probable cause and necessity determinations, any court reviewing those determinations must grant 'considerable deference' to the authorizing judge." *United States v. Rodriguez-Perez*, No. 10-CR-905 (LTS), 2012 WL 3578721, *6 (S.D.N.Y. Aug. 16, 2012) (quoting *United*

*States v. Concepcion*, 579 F.3d 214, 217 & n. 1 (2d Cir. 2009). In reviewing the issuance of a wiretap order, the court does not conduct a *de novo* review; instead, it determines whether "the facts set forth in the application were minimally adequate to support the determination that was made." *United States v. Yannotti*, 541 F.3d 112, 124 (2d Cir. 2008) (citations omitted); *United States v. Papadako*s, 729 Fed. Appx. 41, 43 (2d Cir. 2018) (Summary Order). This showing is "tested in a practical and commonsense fashion." *Concepcion*, 579 F.3d at 218 (citations omitted).

It is well settled that the standard for assessing probable cause for an eavesdropping warrant "is the same as the standard for a regular search warrant." *United States v. Fury,* 554 F.2d 522, 530 (2d Cir.1977), *cert. denied,* 433 U.S. 910 (1977). In determining whether probable cause for an eavesdropping warrant exists, the issuing officer need only make a practical, common sense decision whether, given the "totality of the circumstances" set forth in the affidavit requesting such warrant, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that evidence of a crime will be obtained through the use of electronic surveillance. See *Illinois v. Gates,* 462 U.S. 213, 238–39 (1983).

However, in this case, the Court does not even reach an analysis under the forgoing jurisprudence because Defendant has not put forth a cogent argument in support of his motions. This is so despite being provided with additional time to submit further factual and legal arguments. Defendant has still failed to indicate which underlying wiretap search warrants and affidavits in support thereof he

asserts lacked probable cause and why probable cause was lacking. For these reasons, the undersigned recommends that Defendant's motion to suppress the wiretap evidence, coded conversation evidence, and motion challenging the voice identification procedures be denied.

## CONCLUSION

Based on the foregoing, the undersigned recommends that Defendant's motions to suppress tangible evidence, statements, wiretap evidence, coded conversation evidence, and motion challenging the voice identification procedures (ECF No. 275) be denied.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute and Rule 59(b) of the Local Rules of Criminal Procedure for the Western District of New York.[7]

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See, e.g.,Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.,* 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 59(b) of the Local Rules of Criminal Procedure for the Western District of New York, "[w]ritten objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by
13

legal authority." **Failure to comply with the provisions of Rule 59(b) may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the parties.

**IT IS SO ORDERED.**

DATED:   May 22, 2020
         Rochester, New York

_____
MARK W. PEDERSEN
United States Magistrate Judge