UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
─────────────────────────────────────────

UNITED STATES OF AMERICA,

                              Case # 18-CR-6094-FPG

v.

                             DECISION AND ORDER

CARLOS JAVIER FIGUEROA,
                Defendant.
─────────────────────────────────────────

## INTRODUCTION

On December 5, 2019, Defendant Carlos Javier Figueroa filed an omnibus motion requesting, *inter alia*, suppression of various evidence. ECF No. 275. Magistrate Judge Mark W. Pedersen issued a Report & Recommendation ("R&R") as to the suppression issues, recommending that they be denied.[1] ECF No. 385. Defendant timely objected to the R&R. ECF No. 392. Because the Court agrees with Judge Pedersen's R&R, the R&R is ADOPTED, and Defendant's motion is DENIED.

## LEGAL STANDARD

A district court reviews those portions of an R&R to which a party has timely objected *de novo*. Fed. R. Crim. P. 59(b)(3). When a party does not object to a portion of an R&R, or when the objections are conclusory, general, or without legal support, a district court reviews those portions for clear error. *See United States v. Preston*, 635 F. Supp. 2d 267, 269 (W.D.N.Y. 2009). After reviewing the R&R and the objections thereto, a district court "may accept, reject, or modify the recommendation." Fed. R. Crim. P. 59(b)(3).

---

[1] Judge Pedersen addressed the other matters raised by the omnibus motion in a separate order. *See* ECF No. 330.

1

## DISCUSSION

On three grounds, Defendant objects to the R&R. *See* ECF No. 392 at 1.

First, he argues Judge Pedersen erroneously denied his request to suppress tangible evidence. The tangible evidence was obtained via search warrants. *See* ECF No. 275-1 at 27-28, 42. The circumstances underlying these search warrants are not identified in Defendant's motion. Regardless, Judge Pedersen recommended that Defendant's request be denied, as he had failed to file an affidavit to demonstrate that he had standing to object to the searches and/or seizures conducted pursuant to the search warrants. *See* ECF No. 385 at 4-7.

In his objection, Defendant argues he has standing sufficient to challenge the search warrants because he is named in them and because he has been indicted "based on the search and seizure of" the evidence obtained via the search warrants. *See* ECF No. 392 at 1-3. He also contends that it would be unfair to require him to proffer an affidavit, as it would put him "in a position of giving a self-incriminating statement." *Id.* at 2.

The Court is not persuaded. "As the party moving to suppress, defendant bears the burden of establishing his standing"—*i.e.*, that he "had a legitimate expectation of privacy that was violated by the Government's conduct." *United States v. Loera*, 333 F. Supp. 3d 172, 179 (E.D.N.Y. 2018) (internal quotation marks and brackets omitted). "This burden is met only by sworn evidence, in the form of affidavit or testimony, from the defendant or someone with personal knowledge." *Id.* (internal quotation marks omitted).

Defendant has not proffered evidence sufficient to meet this standard. The fact the government has charged Defendant based on evidence obtained via the search warrants does not automatically confer standing on Defendant to challenge the search warrants. It is well-settled that a defendant cannot demonstrate standing by "relying solely on the government's theory of the

case." *United States v. Cody*, 434 F. Supp. 2d 157, 167 (S.D.N.Y. 2006); *see also United States v. Watson*, 404 F.3d 163, 166 (2d Cir. 2005) (stating that "defendant could not challenge the search of a residence merely because he anticipated that the Government [would] link the objects recovered in that search to defendant at trial"); *United States v. Marshall*, No. 11-CR-381, 2012 WL 5511645, at *2 (W.D.N.Y Nov. 9, 2012) (noting that a "defendant's unsworn assertion of the Government's representations does not meet his burden to establish standing to contest the search" (internal quotation marks and brackets omitted)). Furthermore, Defendant's concern about self-incrimination is unfounded insofar as "testimony given by a defendant in support of a motion to suppress cannot be admitted as evidence of his guilt at trial." *United States v. Salvucci*, 448 U.S. 83, 88 (1980).

Second, Defendant argues, for similar reasons, that Judge Pedersen erred when he declined to hold an evidentiary hearing on the *Miranda* issue Defendant raised. In the omnibus motion, defense counsel alleged that Defendant "was not advised of his rights prior to the time he was questioned" and that Defendant "did not make a knowing, intelligent and voluntary waiver of his rights prior to the time he was questioned." ECF No. 275-1 at 25. Judge Pedersen concluded that Defendant's motion "failed to raise an issue of fact sufficient to warrant" a hearing. ECF No. 385 at 9.

The Court agrees with Judge Pedersen. Defense counsel does not have personal knowledge of the underlying events, and therefore his allegations in the omnibus motion do warrant a hearing, let alone relief. A court need only hold an evidentiary hearing "if the moving papers are sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact . . . are in question." *United States v. Perryman*, No. 12-CR-123, 2013 WL 4039374, at *6 (E.D.N.Y. Aug. 7, 2013) (denying request for evidentiary hearing on alleged

3

*Miranda* violation where defendant did not submit an affidavit based upon personal knowledge); *see also United States v. Cook*, 348 F. Supp. 2d 22, 28 (S.D.N.Y. 2004) ("[A] Defendant must do more than make the 'bald assertion' of impropriety . . . in order to sustain a request for a suppression hearing."). Because Defendant's allegations are not supported by an affidavit from anyone with personal knowledge, Judge Pedersen correctly determined that a hearing on the matter was not required.[2]

Third, Defendant asserts that Judge Pedersen erred by denying his motion to suppress evidence obtained via wiretap. Judge Pedersen had initially found Defendant's argument on this matter too undeveloped, and he requested additional briefing concerning Defendant's "challenge to the wiretap evidence on the basis of lack of probable cause" and his "challenges to the interpretation of coded conversations and voice identification procedures." ECF No. 385 at 11. Defendant filed a supplemental brief, ECF No. 341, which Judge Pedersen found "very sparse in details," noting that it merely "repeat[ed] arguments made in[the] initial papers." ECF No. 385 at 11. Judge Pedersen declined to even address Defendant's arguments, stating:

> Defendant has not put forth a cogent argument in support of his motions. This is so despite being provided with additional time to submit further factual and legal arguments. Defendant has still failed to indicate which underlying wiretap search warrants and affidavits in support thereof he asserts lacked probable cause and why probable cause was lacking.

*Id.* at 12-13. Judge Pedersen therefore denied the motion as it related to the wiretap evidence.

As with his previous filings on this issue, Defendant's objection fails to meaningfully develop his challenges to the wiretap evidence and to the procedures by which the government identified Defendant and interpreted the captured conversations. A court may reject as waived any argument that is "conclusory, boilerplate, undeveloped and bereft of any supporting case

---

[2] The same reasoning applies to Defendant's request that any statements he made to co-conspirators and confidential informants be suppressed. *See* ECF No. 341 at 4.

4

authority." *United States v. Elliott Fuentes*, No. 09-CR-143, 2012 WL 4754736, at *3 (W.D.N.Y. Apr. 25, 2012), *R&R adopted by* 2012 WL 4754744 (Oct. 4, 2012).  In this case, Defendant had ample opportunity to develop arguments challenging the wiretap evidence, but he stands by his generalized, conclusory arguments that are unsupported by citation to record evidence or legal authority.  Judge Pedersen correctly rejected these arguments.  *See, e.g.*, *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990) ("It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones.").

Accordingly, the objections Defendant raises do not merit relief.  Furthermore, the Court had reviewed the R&R for clear error and finds none.

## CONCLUSION

For the foregoing reasons, the Court ADOPTS Judge Pedersen's R&R (ECF No. 385) in all respects.  Defendant's omnibus motion (ECF No. 275), to the extent it addresses the issues identified in the R&R, is DENIED.

IT IS SO ORDERED.

Dated: June 26, 2020
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court