1

```
 1                    UNITED STATES DISTRICT COURT

 2                    WESTERN DISTRICT OF NEW YORK

 3   - - - - - - - - - - - - - -X
     UNITED STATES OF AMERICA              18-CR-6094(G)
 4
     vs.
 5                                         Rochester, New York
     CARLOS FIGUEROA, XAVIER TORRES,       August 6, 2020
 6   AND JEAN KARLOS PIZZARO,              10:24 a.m.
                 Defendants.
 7   - - - - - - - - - - - - - -X

 8
                      TRANSCRIPT OF PROCEEDINGS
 9           BEFORE THE HONORABLE FRANK P. GERACI, JR.
                    UNITED STATES DISTRICT JUDGE
10

11                     JAMES P. KENNEDY, JR., ESQ.
                       United States Attorney
12                     BY: KATYLYN HARTFORD, ESQ.
                           CASSIE M. KOCHER, ESQ.
13                     Assistant United States Attorneys
                       500 Federal Building
14                     Rochester, New York 14614
                       Appearing on behalf of the United States
15

16                     MAURICE J. VERRILLO, ESQ.
                       Appearing on behalf of Xavier Torres
17
                       MATTHEW LEMBKE, ESQ.
18                     Appearing on behalf of Jean Karlos Pizzaro

19                     PAUL VACCA, ESQ.
                       Appearing on behalf of Carlos Figueroa

20

21   ALSO PRESENT:     Nicolas Penchaszadeh, Spanish Interpreter

22
     COURT REPORTER:   Christi A. Macri, FAPR-RMR-CRR-CSR(NY/CA)
23                     Christimacri50@gmail.com
                       Kenneth B. Keating Federal Building
24                     100 State Street, Room 2640
                       Rochester, New York 14614
25
```

```
 1                    P R O C E E D I N G S
 2                            *   *   *
 3              (WHEREUPON, Carlos Javier Figueroa and Xavier
 4   Torres are present in court; Jean Karlos Pizzaro is on the
 5   phone).
 6              THE CLERK: United States of America vs. Carlos
 7   Javier Figueroa, Xavier Torres and Jean Karlos Pizzaro,
 8   18-CR-6094.
 9              And, Nicolas, if you'd raise your right hand?
10              (WHEREUPON, the interpreter was sworn).
11              THE COURT: Good morning.  Are you Carlos Javier
12   Figueroa?
13              DEFENDANT FIGUEROA: Yes, Your Honor.
14              THE COURT: Appear with your attorney Mr. Verrillo?
15              THE DEFENDANT: Yes, Your Honor.
16              THE COURT: Are you Xavier Torres?
17              DEFENDANT TORRES: Yes.
18              THE COURT: Appear with your attorney Mr. Verrillo?
19              THE DEFENDANT: Yes.
20              THE COURT: And I believe we have Jean Karlos
21   Pizzaro on the telephone; is that correct?
22              DEFENDANT PIZZARO: Correct.
23              MR. LEMBKE: It is, Your Honor.
24              THE COURT: And you appear with your attorney
25   Mr. Lembke?
```

```
 1                    DEFENDANT PIZZARO: Yes.
 2                    THE COURT: Okay.  This matter's on pursuant to a
 3   motion to set a trial date.
 4                    Ms. Kocher is here on behalf of the Government.
 5                    MS. HARTFORD: Ms. Hartford, Your Honor.
 6                    THE COURT: Ms. Hartford.  And Ms. Kocher is seated
 7   at the table.
 8                    MS. HARTFORD: Thank you.
 9                    THE COURT: Regarding this matter, where are we?
10                    MS. HARTFORD: Well, Judge, at this point as the
11   Government has moved, I think it's appropriate to set a trial
12   date.
13                    We would also ask for a status conference in about
14   six weeks to give the parties a chance to finalize any
15   potential plea discussions as there are still three defendants
16   on the case.
17                    I've been speaking with AUSA Marangola, who is also
18   on this matter for the Government and who I understand has had
19   detailed discussions with all three defense attorneys, and he
20   thinks that six weeks should be sufficient in order to
21   finalize any plea negotiations.
22                    And then at that status conference we could set
23   deadlines for pretrial submissions, *Jencks*, et cetera.
24                    THE COURT: Okay.  Mr. Vacca?
25                    MR. VACCA: Your Honor, that does represent my
```

conversations with Mr. Marangola.

He also indicated to me that this indictment probably would be superseded at some point in time. Of course if that happens, we have to have sufficient time for further discovery to make motions, additional charges will be added so...

**THE COURT:** I'm not pleased about that. What's that all about?

**MS. HARTFORD:** Judge, without getting into too much detail, there is one element of the investigation that's ongoing. We would be prepared to supersede I believe reasonably soon, but would like to have an opportunity to complete plea negotiations prior to that giving the defendants a chance to take some offers before we supersede.

**THE COURT:** This case is two years old. Late superseding indictments I thought were things of the past.

**MS. HARTFORD:** I understand, Your Honor. There have been some developments recently that account for that.

**MR. VACCA:** Your Honor, just knowing that this happens in many of these cases, as part of my omnibus motions I did address the issues of superseding indictment, which I would ask the Court to review.

The indication to me would be that they would be adding another murder charge on to this, which is obviously to be taken the most serious nature.

1               So I think sooner rather than later whether or not
2   the prosecution should let us know whether or not they intend
3   on superseding.
4               **THE COURT:** Well, I think that might be a good
5   incentive for you to have discussions regarding disposition of
6   this case as well.
7               Do you have any objection to putting the matter on
8   for mid-September for status?
9               **MR. VACCA:** No problem at all, Your Honor.
10              **THE COURT:** Okay.  Regarding Carlos Javier Figueroa,
11  we'll put the matter on for September 10th, 2 p.m. for status.
12  And we'll get back to picking a trial date shortly.
13              Mr. Verrillo regarding Mr. Torres?
14              **MR. VERRILLO:** Yes, Your Honor.  I did want to note
15  that this new charge, which is going to be apparently a
16  homicide charge, my client has not been charged with anything
17  of that nature to date.
18              So I have requested discovery from Mr. Marangola.
19  I understand he's out of town, but obviously it's -- as far as
20  I'm concerned, it's a whole new ballgame to see that.  So I'm
21  hoping that that discovery will be forthcoming.
22              But, obviously, I have to reserve motions and all
23  other rights if that's what's going to happen.  So -- but I do
24  agree with having a status conference as well.
25              **THE COURT:** Okay.  We'll put this -- do you have any

1  objection to September 10th?

2         **MR. VERRILLO:** No, Your Honor.

3         **THE COURT:** We'll put that matter on as well for
4  September 10th, 2 p.m. for status.

10:28:23AM 5         Regarding Jean Karlos Pizzaro, Mr. Lembke?

6         **MR. LEMBKE:** No objection to a status conference on
7  September 10th at 2 p.m., Your Honor.

8         **THE COURT:** Okay.  We'll put that matter on as well
9  for September 10th for status, 2 p.m..

10:28:42AM 10         Regarding a trial, assuming all three did go to
11  trial, how long are you anticipating this trial to go on?

12         **MS. HARTFORD:** Your Honor, we are -- this is our
13  best estimate to predict length of the trial, counsel has
14  reviewed the guidelines for trial during the Covid pandemic
10:29:04AM 15  and has attempted to take that into consideration, but would
16  ask the Court just to note that that is a bit of an unknown as
17  far as how that will actually effect the logistics.

18         But given that, based on the number of defendants
19  at this time, we have approximately nine cooperators we
10:29:29AM 20  anticipate testifying; about eight other civilian witnesses;
21  some of those 27 witnesses will need interpreters.

22         We've had about -- and that's in addition to the
23  dozens of law enforcement witnesses; we'll have lab experts
24  testifying about firearms and drugs; possibly also forensic
10:29:53AM 25  evidence; and also medical examiner, at least one, possibly

1 more.

2 We had 11 search warrants that we anticipate
3 putting on during the course of the trial; more than 11 drug
4 seizures that we would present as evidence.
5 This was a wiretap investigation. Of course, it's
6 a moving target as far as how many calls and text messages
7 that we'll use. But after an initial review, it appears that
8 somewhere around 100 could be an accurate estimate.
9 There's also pole camera footage. There are at
10 least 50 clips that are pertinent. But, again, as we move
11 forward towards trial, that could either expand or narrow
12 depending on who is left facing charges and what kind of
13 evidence we'll need at that point.
14 There are also several seized phones that were
15 extracted as well. I would anticipate there would be some
16 evidence of extractions from a couple of those phones.
17 That being said, Judge, our best estimate at this
18 time is that it would take about three to four months to put
19 on the trial, but again asking the Court to keep in mind we're
20 doing our best with that guess with the circumstances and
21 procedure that we'll be facing.
22 **THE COURT:** Sure, I understand that. And I know
23 that complication with Covid in a trial of this magnitude
24 would take probably three courtrooms: One courtroom for the
25 trial; second courtroom for a jury breakroom and

```
 1  deliberations; and a third courtroom for the public and any
 2  press that might be involved in that.  So it's a complex
 3  matter, but I understand it would take several months.
 4              Mr. Vacca, what's your availability?
 5              MR. VACCA:  Your Honor, I do have several cases
 6  pending in state court.  However, that being said, they are
 7  just scheduling and having pretrials now and dealing with
 8  pleas.
 9              I've asked a number of judges and other individuals
10  what their best guesstimate is for the State to open up and
11  they all say it's at least going to go into next year.  There
12  are going to be no trials, so I don't know what my trial
13  schedule is with the State, but I guess my feeling is we're
14  first over here and they're gonna have to wait.
15              THE COURT:  You'd be available in January?
16              MR. VACCA:  Yes, Your Honor.
17              THE COURT:  Any objection until waiting until
18  January for this?
19              MR. VACCA:  No.
20              THE COURT:  Mr. Verrillo?
21              MR. VERRILLO:  Yes, Your Honor.  I would be okay
22  with a January timeframe.  I do have a trial that just got set
23  for one day, February 3rd.  So I'd like to be able to finish
24  that.
25              THE COURT:  Where is that?
```

1          **MR. VERRILLO:** A civil matter in Livingston County,
2  but Supreme Court.  But that would be the only day I would not
3  be available.
4          **THE COURT:** Okay.  If we have to take one day break
5  in three or four months, I don't think that would be a
6  problem.
7          **MR. VERRILLO:** I think that's wise if we could get
8  it.  It's a different kind of situation.
9          **THE COURT:** Okay.  Mr. Lembke?
10         **MR. LEMBKE:** That's fine, Your Honor, January.
11         **THE COURT:** So let's do this, let's schedule jury
12 selection for January 4th, anticipating this case will be
13 conducted for the month of January, February, and March,
14 assuming all three defendants do proceed to trial.
15         Mr. Vacca, do you have any objections to the
16 exclusion of time for speedy trial purposes between now and
17 January 4th?
18         **MR. VACCA:** No, Your Honor.
19         **THE COURT:** Mr. Verrillo, do you have any objections
20 to the exclusion of time for speedy trial purposes between now
21 and January 4th?
22         **MR. VERRILLO:** No, Your Honor.
23         **THE COURT:** Mr. Lembke, do you have any objection to
24 exclusion of time between now and January 4th?
25         **MR. LEMBKE:** No, sir.

```
 1                 THE COURT:  Ms. Hartford, do you have any objection
 2     from the Government?
 3                 MS. HARTFORD:  No, Your Honor.  Thank you.
 4                 THE COURT:  Based upon the complexity of this case
 5     as outlined by Ms. Hartford, the number of witnesses, the
 6     number of defendants, the fact that this would take a lot of
 7     effort to put this matter together over a long three month
 8     period of time, particularly in light of the Covid situation,
 9     the precautions we would have to take to protect all the
10     parties, jurors, attorneys, witnesses, the Court finds that
11     the exclusion of time for speedy trial purposes between now
12     and January 4th, 2021, is in the interest of justice and
13     outweighs the right to the public to a speedy trial.
14                 Based upon the complexity of this case and the
15     potential for a superseding indictment and additional
16     discovery, the attorneys would need to obviously review that
17     with their clients in order to properly prepare for that
18     trial, which will be obviously complex.
19                 And, therefore, the Court does exclude the time
20     between today and January 4th, 2021, regarding the case of
21     Carlos Javier Figueroa, Xavier Torres, and Jean Karlos
22     Pizzaro.
23                 The matter will be on for September 10th again at
24     2 p.m. for all three defendants for status regarding potential
25     disposition of this case for one or more of the defendants.
```

```
     1   Hopefully all participate in fruitful discussions regarding
     2   that.
     3              What is the -- is this a life sentence I assume in
     4   these cases?
10:35:54AM 5            MS. HARTFORD: Yes, Your Honor.  So it will be
     6   different for each defendant.  Anyone charged with homicide it
     7   would be a life sentence; also anybody convicted of the drug
     8   conspiracy.
     9              But then for whom a cross-reference in the
10:36:11AM 10  guidelines for the homicide would be appropriate, the
    11   guideline sentence would be a life sentence.
    12              So that is accurate.
    13              THE COURT: Okay, thank you.
    14              Mr. Figueroa, obviously you need to discuss that
10:36:25AM 15  with your attorney Mr. Vacca to make sure you spend sufficient
    16   time to discuss the potentials here, the potential penalties
    17   involved with a conviction after trial.
    18              Mr. Torres, you also need to discuss the matter
    19   with Mr. Verrillo regarding all the issues raised in this case
10:36:47AM 20  and the potential if there was a conviction after trial.
    21              And Mr. Pizzaro, again, you need to discuss that
    22   fully with Mr. Lembke once he has -- and all the attorneys --
    23   have the information sufficient to properly advise their
    24   clients.
10:37:05AM 25           Okay, anything else from the Government?
```

1     **MS. HARTFORD:** No, Your Honor.  Thank you.
2     **THE COURT:** Mr. Vacca?
3     **MR. VACCA:** Your Honor, what time will you be
4  starting and ending every day?  Just so I know for scheduling
5  things that are scheduled further out.
6     **THE COURT:** Quite frankly, on September 10th we'll
7  discuss that in more detail.  We'll set a pretrial date, we'll
8  discuss a trial calender.
9     I'll work with all the attorneys.  I mean, I
10 imagine you have some conflicts in there, might need a break.
11 Typically in a case of this magnitude what I would do is go
12 from 8:30 to 1:30 Monday through Thursday, maybe take off
13 Fridays so I can handle my other calender matters and you can
14 also as well handle all matters you may have in your
15 individual offices.
16     By then there may be weeks where you have
17 conflicts.  And I understand you have doctors' appointments
18 and other matters you need to attend to as well.
19     So why don't we wait until September 10th and then
20 we'll work out a more detailed schedule.  If you can't work
21 out a disposition, I'm hopeful that you can work out a
22 disposition with the Government, but if not, we'll be ready to
23 proceed.
24     **MR. VERRILLO:** Your Honor, the motion schedule and
25 everything you'll deal with next time as far as the schedule

```
 1  for --
 2              THE COURT:  Yeah, if there are any significant
 3  motions, maybe refer it back to the magistrate judge, start
 4  all over again.
 5              MR. VERRILLO:  Okay.
 6              THE COURT:  That would delay obviously any trials in
 7  this case.
 8              Mr. Lembke?
 9              MR. LEMBKE:  I understand, Your Honor.
10              THE COURT:  You all set?
11              MR. LEMBKE:  I don't have anything to add.
12              THE COURT:  Okay, great.  Thank you, everybody.
13              (WHEREUPON, proceedings adjourned at 10:38 a.m.)
14                           *    *    *
```

### CERTIFICATE OF REPORTER

In accordance with 28, U.S.C., 753(b), I certify that these original notes are a true and correct record of proceedings in the United States District Court for the Western District of New York before the Honorable Frank P. Geraci, Jr. on August 6th, 2020.

S/ Christi A. Macri

Christi A. Macri, FAPR-RMR-CRR-CSR(CA/NY)
Official Court Reporter